JOSHUA HARRINGTON, defendant below, *vs.* CALEB HALL, plaintiff below.—*IN ERROR.*

Rutland,<br>January,<br>1827.

A. delivered articles to B. and charged them to C. at the request of the latter—D. paid A; whereupon A. credited the amount to C. and charged the same to B. as paid to C. and credited B. the same sum as received of D:—in an action of account, A. against B, C. is a competent witness:

In an action of account, where the defendant presents no account on his part, the charges and credits of the plaintiff, made at the same time in relation to the same subject are to be taken together, so that the defendant cannot claim the advantage of the one, without being answerable for the other.

ERROR, from Rutland county court. The action below was account. The auditor, having returned the account into court, with a statement of the balance by him found due the plaintiff thereon, continued his report as follows:——"On the trial of this cause, the defendant admitted the account of the plaintiff to be correct, except the charge of 65,00 paid *Henry Hodges.* To substantiate that charge, the plaintiff on oath stated, that a few months previous to the date of the charge, he delivered to the defendant two potash kettles at $65,00 and charged the same to *Henry Hodges* by direction of *Hodges.* That at the time of the charge to the defendant, one *James Harrington,* by agreement with the defendant, accounted to the plaintiff for the sum of $65, which was in payment for the charge of said kettles. The plaintiff then charged the defendant said $65, and gave him credit for the same sum, and credited the same to *Henry Hodges,* which appeared by his original books. The plaintiff then offered said *Hodges* as a witness to prove, that the defendant, at the time of the above charges and credits, consented to the same. The defendant objected to the admission of *Hodges,* on account of interest, stating that the defendant and *Hodges* had settled all demands more than six years past. The auditor overruled the objection and admitted the witness."

The same objection was again raised in the county court, on the motion to accept the report, but was overruled, and the report accepted. Whereupon, this writ of error was brought, assigning for error, 1, the approval of the judgment of the auditor in admitting the witness;——2dly, the *general error.*

The cause was argued.

The opinion of the Court was pronounced by

SKINNER, Ch. J. The facts in this case, upon which the judgment of the county court was rendered, and of which the plaintiff in error complains as erroneous, are found in the report of

Rutland,
January,
1827.

Harrington
vs.
Hall.

the auditor. From this it appears, the defendant below presented no account or claim against the plaintiff, *Hall.* The account of *Hall* shows, among other things, a charge of 65 dollars paid *Henry Hodges,* and also a credit of 65 dollars by *James Harrington ;* and *Hall* testified that he had delivered to *Joshua Harrington,* the defendant below, two potash kettles, and by direction of *Hodges* charged the same, at 65 dollars, to the latter: that afterwards *James Harrington,* by agreement, accounted to the plaintiff for the sum of 65 dollars, which was in payment for the charge of said kettles, and that he accordingly, (as appeared from his original books,) charged the sum of 65 dollars to the plaintiff, as paid *Hodges,* and gave him credit 65 dollars paid by *James Harrington,* and at the same time credited the 65 dollars to *Hodges. Hodges* was called to testify to the defendant's having consented to the charge and credit as appeared in the account. He was objected to on the ground of interest, and the objection overruled by the auditor. The same was again urged before the court, on the return of the report by the auditor, but the report was approved and accepted, and judgment rendered thereon.

Admitting the auditor erred in permitting *Hodges* to testify, this constitutes no sufficient reason for rejecting the report. *Harrington,* the defendant, presented no account against *Hall ;* the auditing was confined exclusively to the accounts of the latter.

If no charge or credit had been made of the 65 dollars, the balance of the account would have stood as it now stands. The credit and charge having been made by him at the same time, are to be taken together, and there is no principle upon which he can, by force of the account, be excluded from the benefit of the one, and made liable for the other.

If the credit is to avail the defendant, having been made in consideration of the debit, he ought to be subjected to the charge. Indeed, I can see no reason why the entries were made at all.

But, there is no rule of law by which *Hodges* ought to have been rejected as a witness; he is not incompetent by reason of interest, as that is balanced. If *Joshua Harrington* had paid to *Hodges* sixty-five dollars, in consideration that he would pay to *Hall* that sum on his account, he is liable to *Harrington* for his neglect or refusal. So, too, if *Harrington* had paid the amount to *Hall* for *Hodges.* If the sum is not paid by *Harrington, Hodges* is still liable to *Hall.*

The statement that *Hodges* and *Harrington* had settled all accounts, more than six years prior to the time of auditing this account, is unsupported by evidence, and merits no consideration.

Judgment of the county court affirmed.

*Rodney C. Royce* and *Chs. K. Williams,* for the plaintiff in error.

*Silas Hodges,* for the defendant in error.